People v Soloman (2020 NY Slip Op 51267(U))

[*1]

People v Soloman (Kemar)

2020 NY Slip Op 51267(U) [69 Misc 3d 134(A)]

Decided on October 30, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead P.J., Higgitt, McShan, JJ.

570287/15

People of the State of New York,
Respondent,
against
Kemar Anthony Soloman,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Robert G. Seewald, J.H.O.), rendered February 18, 2014, after a nonjury trial, convicting
defendant of loitering for the purpose of engaging in a prostitution offense, and imposing
sentence.

Per Curiam.
Judgment of conviction (Robert G. Seewald, J.H.O.), rendered February 18, 2014,
affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's
guilt beyond a reasonable doubt. The evidence regarding defendant's behavior toward male
passersby in a prostitution-prone location at 5:30 a.m., coupled with defendant's admissions to
the arresting officer, was sufficient to support the inference, beyond a reasonable doubt, that
defendant was loitering for the purpose of engaging in a prostitution offense (see Penal
Law § 240.37[2]; People v Smith, 44 NY2d 613, 622 [1978]; People v Byrd,
1990 NY Misc LEXIS 787 [No.89-454][1990]). 
Nor was the verdict against the weight of the evidence (see People v Danielson, 9
NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's
determinations concerning credibility.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 30, 2020